No. 25-30648

---

# United States Court of Appeals for the Fifth Circuit

---

PATRICK BREAUX

*Plaintiff – Appellee*

v.

ALLIANCE LIFTBOATS, LLC AND THE F/B MIAMI *IN REM*, HER ENGINES, TACKLE, EQUIPMENT, APPURTENANCES, ETC.

*Defendants – Appellants*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, HON. SUSIE MORGAN, CIVIL ACTION NO. 2:24-CV-01000

---

## MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

---

Harry E. Morse (La. Bar 31515)
Martin S. Bohman (La. Bar 22005)
BOHMAN MORSE, LLC
400 Poydras St., Suite 2050
New Orleans, LA 70130
Telephone: (504) 930-4009
Facsimile: (888) 217-2744
Harry@BohmanMorse.com
Martin@BohmanMorse.com

Thomas M. Flanagan (La. Bar 19569)
Anders F. Holmgren (La. Bar 34597)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Ste. 3300
New Orleans, LA 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251
tflanagan@flanaganpartners.com
aholmgren@flanaganpartners.com

Cayce C. Peterson (La. Bar 32217)
Jeffrey P. Green (La. Bar 30531)
JJC LAW LLC
111 Veterans Memorial Blvd.

Heritage Plaza, Suite 810
Metairie, LA 70005
Telephone: (504) 513-8820
Facsimile: (504) 513-8824
cayce@jjclaw.com
jeff@jjclaw.com

*Attorneys for Plaintiff-Appellee, Patrick Breaux*

No. 25-30648

——————————————————

PATRICK BREAUX
*Plaintiff – Appellee*

v.

ALLIANCE LIFTBOATS, LLC AND THE F/B MIAMI *IN REM*,
HER ENGINES, TACKLE, EQUIPMENT, APPURTENANCES, ETC.
*Defendants – Appellants*

——————————————————

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel certifies that the following listed persons and entities described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.   Patrick Breaux, plaintiff-appellee

2.   Counsel for plaintiff-appellee:

Harry E. Morse
Martin S. Bohman
BOHMAN MORSE, LLC
400 Poydras St., Suite 2050
New Orleans, LA 70130

Cayce C. Peterson
Jeffrey P. Green
JJC LAW LLC
111 Veterans Memorial Blvd.
Heritage Plaza, Suite 810
Metairie, LA 70005

Thomas M. Flanagan
Anders F. Holmgren
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Ste. 3300
New Orleans, LA 70170

3.    Alliance Liftboats, LLC, defendant-appellant

4.    Counsel for defendant-appellant:

David M. Korn
Stephanie M. Poucher
PHELPS DUNBAR, LLP
365 Canal St., Suite 2000
New Orleans, LA 70130

/s/ Thomas M. Flanagan

## MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

The plaintiff-appellee, Patrick Breaux, moves the Court to dismiss the appeal of the defendant-appellant, Alliance Liftboats, LLC, on the ground that the Court lacks appellate jurisdiction over the challenged interlocutory order.

## I.   INTRODUCTION

In this Fair Labor Standards Act case, a defendant appeals a non-final order. It challenges the district court's ruling that the case will be decided on a collective rather than an individual basis. The appeal is premature. The district court did not decide any substantive issue. The plaintiff and any similarly situated employee must still prove their case, and the defendant retains all its defenses.

Even so, the defendant contends that jurisdiction exists under 28 U.S.C. § 1292(a)(3), which permits interlocutory appeals of orders "determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." Circuit precedent interprets this subsection narrowly and draws a clear line between procedural and substantive rulings. Rulings addressing "how and where" liability will be determined are procedural, and they are not appealable until the district court enters final judgment. Because the district court's challenged order concerns only procedure, and not the substance of the parties' "rights and

liabilities," the Court lacks jurisdiction and should dismiss the defendant's premature appeal.

## II.   BACKGROUND

Patrick Breaux worked as a cook aboard the L/B MIAMI.[1] In that capacity, he contends, he contributed to the vessel but did not contribute to the liftboat's operation as a means of transportation.[2] In exchange for his labor, Breaux (and similarly situated co-workers) received a "day rate" no matter the number of hours they worked.[3]

Alliance employed Breaux. It classified him and others as exempt from state and federal overtime laws, and, for that reason, it did not pay them overtime when they worked over 40 hours in a given work week.[4] Breaux maintains that the classification was erroneous because the work he and others do is non-exempt work.[5]

---

[1]   These and other background allegations are drawn from the complaint. Rec. Doc. 1, p. 2, ¶ 4. The L/B MIAMI is a liftboat. A liftboat is "a self-propelled, self-elevating, offshore supply vessel. Although it functions and navigates much like any other supply vessel, a typical lift-boat is equipped with three column-like legs that can be quickly lowered to the seafloor to raise the vessel out of the water and stabilize it for marine operations." *Adams v. All Coast, L.L.C.*, 15 F.4th 365, 367 n.1 (5th Cir. 2021) (quoting *Naquin v. Elevating Boats, L.L.C.*, 744 F.3d 927, 930 n.1 (5th Cir. 2014)).

[2]   Rec. Doc. 1, p. 2, ¶ 4.

[3]   Rec. Doc. 1, p. 2, ¶ 5.

[4]   Rec. Doc. 1, p. 2, ¶ 7.

[5]   Rec. Doc. 1, p. 2, ¶ 11.

Breaux sued Alliance and the L/B MIAMI in rem in the United States District Court for the Eastern District of Louisiana. He brought claims on behalf of himself and similarly situated liftboat crew members who did not navigate the vessel but, due to Alliance's misclassification, were underpaid under FLSA.[6] After preliminary proceedings and discovery, Breaux moved the district court to certify this case as a collective action.[7] After extensive briefing and oral argument, the district court granted the motion.[8] Alliance appeals.[9]

## III.  LAW AND ARGUMENT

As a general rule, appellate review follows the entry of a final judgment.[10] While exceptions exist, courts usually construe those exceptions narrowly.[11]

No final judgment exists here; the district court merely outlined the procedure it will use to decide the merits later. Undeterred, Alliance relies on an exception granting appellate courts jurisdiction over appeals from "[i]nterlocutory decrees of such district courts . . . determining the rights and liabilities of the parties to

---

[6]   *E.g.*, Rec. Doc. 1, pp. 6–7, ¶¶ 46–56.

[7]   Rec. Doc. 19.

[8]   Rec. Doc. 38, Order and Reasons of October 6, 2025 (attached as Exhibit A).

[9]   Rec. Doc. 41.

[10]   28 U.S.C. § 1291; *see also In re Complaint of Ingram Towing Co.*, 59 F.3d 513, 515 (5th Cir. 1995) ("Interlocutory appellate jurisdiction is the exception rather than the rule.").

[11]   *See, e.g., Hollywood Marine, Inc. v. M/V ARTIE JAMES*, 755 F.2d 414, 416 (5th Cir. 1985).

admiralty cases in which appeals from final decrees are allowed."[12] And Alliance asserts that this exception (28 U.S.C. § 1292(a)(3)) should extend to "interlocutory rulings concerning *non-admiralty* claims if the case is one of admiralty."[13] Even assuming the correctness of that latter assertion, section 1292(a)(3) does not support an immediate appeal of the district court's procedural order.

As appellant, Alliance bears the burden of proving appellate jurisdiction.[14] Circuit precedent shows the difficulty of meeting that burden here. This Court construes section 1292(a)(3) "narrowly, hewing closely to the statute's 'original purpose of permitting appeals from orders finally determining one party's *liability* to another and referring the action for a computation of damages.'"[15] Put differently, the "heartland" of appellate jurisdiction over an interlocutory appeal under this subsection is "a conclusive determination of the rights and liabilities as to the claim on appeal."[16]

It follows from these principles that only *substantive* orders—those that determine the parties' rights and liabilities—are reviewable before the entry of final judgment. In contrast, orders addressing "how and where" liability will be determined

---

[12]     28 U.S.C. § 1292(a)(3).

[13]     Rec. Doc. 41, p. 1 (emphasis added).

[14]     *SCF Waxler Marine, LLC v. ARIS T M/V*, 902 F.3d 461, 464 (5th Cir. 2018).

[15]     *Id.* (quoting *Hollywood Marine, Inc. v. M/V ARTIE JAMES*, 755 F.2d 414, 416 (5th Cir. 1985)) (emphasis added).

[16]     *SCF Waxler Marine*, 902 F.3d at 465.

4

are procedural and thus not immediately appealable.[17] That is so even when those rulings have "important procedural consequences."[18] For example:

- Plaintiffs could not use section 1292(a)(3) to appeal an interlocutory ruling striking class allegations from their complaint.[19]

- The Court lacked appellate jurisdiction under the same law over an interlocutory challenge to a ruling staying litigation against an insurer.[20]

- And a defendant's appeal of a ruling denying summary judgment on the basis of its affirmative defense was not immediately appealable under section 1292(a)(3).[21]

This case falls within the same class of cases. The district court's certification order did not decide, much less conclusively so, the parties' rights and liabilities. It considered only whether the FLSA claims of multiple Alliance employees were "similarly situated" such that they should be decided in a single proceeding.[22] This was not a merits determination. "Considering, early in the case, whether merits questions can be answered collectively has nothing to do with endorsing the merits."[23]

---

[17]     *In re Ingram Towing Co.*, 59 F.3d 513, 517 (5th Cir. 1995).

[18]     *Id.* (quoting *Francis on behalf of Francis v. Forest Oil Corp.*, 798 F.2d 147, 149 (5th Cir. 1986)).

[19]     *In re Complaint of Ingram Barge Co.*, 517 F.3d 246 (5th Cir. 2008).

[20]     *In re Ingram Towing Co.*, 59 F.3d at 516–17.

[21]     *Francis on Behalf of Francis v. Forest Oil Corp.*, 798 F.2d 147, 150 (5th Cir. 1986).

[22]     Rec. Doc. 38, p. 3 (Exh. A) (discussing *Loy v. Rehab Synergies*, LLC, 71 F.4th 329 (5th Cir. 2023)).

[23]     *Swales v. KLLM Transport Servs., LLC*, 985 F.3d 430, 442 (5th Cir. 2021).

The district court's order addressed "how and where" liability will be decided; it did not decide whether the plaintiff or defendant should prevail. Instead, the court decided only that, based on a defined collective, it could and should decide the FLSA merits questions, including defenses, on a group-wide basis for reasons of judicial efficiency.[24] Alliance retains all its defenses. If, after motion practice and a trial, it is cast in judgment, it will have the right to appeal. But until then, this Court lacks appellate jurisdiction over procedural rulings issued along the way. It thus should dismiss Alliance's premature appeal.

## IV.   CONCLUSION

Alliance has appealed a non-final, procedural decision—one that did not determine the parties' rights and liabilities. The Court lacks appellate jurisdiction over Alliance's challenge and should dismiss its appeal.

Respectfully submitted,

/s/ Thomas M. Flanagan

<table>
<tr><td>Harry E. Morse (La. Bar 31515)</td><td>Thomas M. Flanagan (La. Bar 19569)</td></tr>
<tr><td>Martin S. Bohman (La. Bar 22005)</td><td>Anders F. Holmgren (La. Bar 34597)</td></tr>
<tr><td>BOHMAN MORSE, LLC</td><td>FLANAGAN PARTNERS LLP</td></tr>
<tr><td>400 Poydras St., Suite 2050</td><td>201 St. Charles Ave., Ste. 3300</td></tr>
<tr><td>New Orleans, LA 70130</td><td>New Orleans, LA 70170</td></tr>
<tr><td>Telephone: (504) 930-4009</td><td>Telephone: (504) 569-0235</td></tr>
<tr><td>Facsimile: (888) 217-2744</td><td>Facsimile: (504) 592-0251</td></tr>
<tr><td>Harry@BohmanMorse.com</td><td>tflanagan@flanaganpartners.com</td></tr>
<tr><td>Martin@BohmanMorse.com</td><td>aholmgren@flanaganpartners.com</td></tr>
</table>

---

[24]   Rec. Doc. 38, p. 20 (Exh. A).

Cayce C. Peterson (La. Bar 32217)
Jeffrey P. Green (La. Bar 30531)
JJC LAW LLC
111 Veterans Memorial Blvd.
Heritage Plaza, Suite 810
Metairie, LA 70005
Telephone: (504) 513-8820
Facsimile: (504) 513-8824
cayce@jjclaw.com
jeff@jjclaw.com
                    *Attorneys for Plaintiff-Appellee, Patrick Breaux*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this filing was served on counsel of record this 14th day of November 2025, by e-filing same into the CM/ECF system, which will automatically deliver a copy of same to all counsel.

/s/ Thomas M. Flanagan

## CERTIFICATE OF COMPLIANCE

1.      This filing complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 1,312 words, excluding the exempt parts.

2.      This filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word with 14 point, Equity Text A font.

/s/ Thomas M. Flanagan

## RULE 27.4 CERTIFICATE

Pursuant to Fifth Circuit Rule 27.4, I hereby certify that counsel for the plaintiff-appellee contacted counsel for the defendant-appellant, Alliance Liftboats, LLC, who confirmed that an opposition to this motion will be filed.

/s/ Thomas M. Flanagan