No. 25-30648

# United States Court of Appeals for the Fifth Circuit

PATRICK BREAUX
*Plaintiff – Appellee*

v.

ALLIANCE LIFTBOATS, LLC AND THE F/B MIAMI *IN REM*,
HER ENGINES, TACKLE, EQUIPMENT, APPURTENANCES, ETC.
*Defendants – Appellants*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA,
HON. SUSIE MORGAN, CIVIL ACTION NO. 2:24-CV-01000

**REPLY IN SUPPORT OF MOTION TO
DISMISS APPEAL FOR LACK OF JURISDICTION**

Harry E. Morse (La. Bar 31515)
Martin S. Bohman (La. Bar 22005)
BOHMAN MORSE, LLC
400 Poydras St., Suite 2050
New Orleans, LA 70130
Telephone: (504) 930-4009
Facsimile: (888) 217-2744
Harry@BohmanMorse.com
Martin@BohmanMorse.com

Thomas M. Flanagan (La. Bar 19569)
Anders F. Holmgren (La. Bar 34597)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Ste. 3300
New Orleans, LA 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251
tflanagan@flanaganpartners.com
aholmgren@flanaganpartners.com

Cayce C. Peterson (La. Bar 32217)
Jeffrey P. Green (La. Bar 30531)
JJC LAW LLC

111 Veterans Memorial Blvd.
Heritage Plaza, Suite 810
Metairie, LA 70005
Telephone: (504) 513-8820
Facsimile: (504) 513-8824
cayce@jjclaw.com
jeff@jjclaw.com

*Attorneys for Plaintiff-Appellee, Patrick Breaux*

# REPLY IN SUPPORT OF MOTION TO
# DISMISS APPEAL FOR LACK OF JURISDICTION

The plaintiff-appellee, Patrick Breaux, provides this reply in support of his motion to dismiss the appeal of the defendant-appellant, Alliance Liftboats, LLC.

## I.   INTRODUCTION

It his motion, Breaux showed that Alliance's appeal is premature. Alliance's opposition confirms this is so. Alliance acknowledges that appellate review of interlocutory admiralty orders under is permissible under 28 U.S.C. § 1292(a)(3) only as to orders "determining the rights and liabilities of the parties to admiralty cases." And Alliance agrees with Breaux that, under the narrow reading courts give this statutory provision, the challenged order must involve a *substantive* determination of one or more issues on the *merits*. Nothing of the sort occurred here.

Alliance disagrees on the conclusion (but not the rule). It contends that this exacting standard is met, but Alliance fails to make such showing. In this Fair Labor Standards Act case, the district court has not yet determined the merits of any employee's "rights" against Alliance for its failure to pay overtime in accordance with law; the district court merely ruled on the forum and manner in which such employee claims might be brought. In other words, the court simply addressed "how and where" the employees may assert their claims. Correspondingly, the district court has not determined Alliance's "liability" to any employee. That remains an open

question, which precludes appellate jurisdiction here. Alliance's contrary argument rests on out-of-circuit jurisprudence that this Court has already rejected—twice.

The district court's order concerns only procedure, not the substance of the parties' "rights and liabilities." Therefore, this Court lacks jurisdiction and should dismiss the defendant's premature appeal.

## II.   REPLY ARGUMENT

### A.   Section 1292(a)(3) applies to substantive merits rulings, not the preliminary resolution of procedural issues.

The general rule is that only final judgments are appealable.[1] 28 U.S.C. § 1292(a)(3) provides an exception. It was created for a limited purpose: allowing immediate appeals from a liability determination, in a bifurcated admiralty case, to possibly avoid the need for a costly and protracted trial of damages.[2] While that bifurcation scenario is not the only application of section 1292(a)(3), this Court continues to construe that provision narrowly, "hewing closely to the statute's 'original purpose of permitting appeals from orders *finally determining one party's liability* to another and referring the action for a computation of damages.'"[3]

---

[1]   *See* 28 U.S.C. § 1291.

[2]   *Francis on Behalf of Francis v. Forest Oil Corp.*, 798 F.2d 147, 149 (5th Cir. 1986).

[3]   *SCF Waxler Marine, L.L.C. v. ARIS T M/V*, 902 F.3d 461, 464 (5th Cir. 2018), *as revised* (Oct. 30, 2018) (emphasis added) (quoting *Hollywood Marine, Inc. v. M/V Artie James*, 755 F.2d 414, 416 (5th Cir. 1985)); *see also Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel*, 640 F.2d 560, 564 (5th Cir. 1981) (section 1292(a)(3) "has not been

In line with section 1292(a)(3)'s text and original purpose, this Court holds that, to be appealable, an interlocutory admiralty order must at minimum "determine the *substantive* rights and liabilities of parties to the case."[4] That might be, for example, an order dismissing a claim on the merits or dismissing an entire maritime action as to a defendant; on the other hand, "[o]rders which do not determine parties' substantive rights or liabilities . . . are not appealable under section 1292(a)(3)."[5]

Alliance does not appear to dispute this requirement of a substantive merits ruling. On page 19 of its opposition, it acknowledges that this Court in *SCF Waxler-Marine* refused appellate jurisdiction "when no substantive issues had been decided."[6] And on page 9 of its opposition, Alliance cites a First Circuit case for the proposition that, to support appellate jurisdiction, an order should at least "*conclusively lash[] down the merits of some particular claim or defense.*"[7]

---

    read to permit interlocutory appeals in admiralty except where the order . . . had the effect of *ultimately determining the rights and obligations of the parties*.") (emphasis added).

[4]   *Francis*, 798 F.2d at 149 (emphasis added); *see also Martha's Vineyard Scuba Headquarters, Inc. v. Unidentified, Wrecked & Abandoned Steam Vessel*, 833 F.2d 1059, 1063 (1st Cir. 1987) (the order must "finally determines the rights and liabilities of the parties as to the particular issue," "must be on the merits," and "must determine *substantive* rights, as opposed to merely procedural, tactical, or adjectival entitlements") (internal citation omitted; italics in original).

[5]   *Francis*, 798 F.2d at 149 (internal citations omitted).

[6]   Opposition, p. 19 (citing *SCF Waxler*).

[7]   Opposition, p. 9 (quoting *Martha's Vineyard Scuba Headquarters, Inc.*, 833 F.2d at 1064) (emphasis added).

3

Alliance nevertheless points out that not *all* substantive issues must be resolved on the merits before an appeal is allowed under section 1292(a)(3).[8] But Breaux does not argue otherwise. After all, if a ruling determined all the merits issues, it would be a final judgment, and the judgment could be appealed under section 1291. That said, at least one issue must be decided on the merits to allow for appellate review of an interlocutory admiralty order under section 1292(a)(3). That never happened here, however, as discussed further below. Thus, jurisdiction is absent.

### B.    The district court's order did not determine the merits of any substantive rights.

Given the requirement of a substantive determination of one or more merits issues, Alliance struggles to show that the district court made "substantive factual findings" that "affect[]" the rights of parties and non-parties.[9] Alliance argues that the district court did this by deciding "who" could be involved in this suit.[10] But that

---

[8]    Opposition, p. 9. Alliance cites various cases that involved conclusive merits determinations of at least one substantive issue. *Id.* (citing, *e.g.*, *Martha's Vineyard Scuba Headquarters, Inc.*, 833 F.2d at 1064, allowing an appeal from a ruling that "conclusively determine[d]" competing claims to artifacts salvaged from a shipwreck); *O'Donnell v. Latham*, 525 F.2d 650 (5th Cir. 1976), allowing an appeal from an order dismissing all claims against certain parties); *Kingsgate Oil v. M/V Green Star*, 815 F.2d 918, 922 (3d Cir. 1987), allowing an interlocutory appeal from an order that "conclusively determined" certain claims); *United States v. Ernst Jacob GmbH & Co. KG*, 158 F.4th 232, 246 (1st Cir. 2025), allowing an appeal from a summary judgment ruling that resolved the issue of liability for the plaintiff's claims, even though it did not resolve all issues as to certain third parties).

[9]    Opposition, pp. 1, 3.

[10]   Opposition, p. 2.

4

waters down the test. The statute requires that substantive rights be "determin[ed]"—not merely "affected."[11] And, here, the district court did not determine the merits of any employee's substantive rights or claims.

The district court has not decided which employees (if any) have a meritorious claim, or who, if anyone, will ultimately recover from Alliance. Deciding their substantive rights against Alliance requires a merits determination, but that has not yet happened. The district court's order concerns just the *manner* in which each employee's potential claim may be presented—*i.e.*, as part of Breaux's pending action, as opposed to in each employee's own, separate action. As the Court explained in *Swales*, that sort of ruling is not a merits determination.[12]

Because merits have not been determined, the district court's ruling simply concerns "how and where" the ultimate merits determination will be later made.[13] That does not support appellate jurisdiction. That's why this Court rejected an appeal from an order striking class allegations in *In re Complaint of Ingram Barge Co.*[14] The order concerned the right to litigate in the form of a class action (as opposed to

---

[11]     28 U.S.C. § 1292(a)(3).

[12]     *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 442 (5th Cir. 2021) ("Considering, early in the case, whether merits questions can be answered collectively has nothing to do with endorsing the merits.").

[13]     *Complaint of Ingram Towing Co.*, 59 F.3d 513, 517 (5th Cir. 1995).

[14]     517 F.3d 246, 247 (5th Cir. 2008)

individual actions), but it did not determine anyone's substantive rights. For the same reason, this Court dismissed an appeal in *Wallin v. Keegan* from an order dismissing the defendant's counterclaims without prejudice (while also allowing the counterclaim to be asserted as an affirmative defense). The order did not resolve the merits of the counterclaim claim but simply addressed how and where that claim could be litigated.[15] That was insufficient for section 1292(a)(3). As this Court explains, rulings that do not determine substantive rights are not appealable under that section, "even if those orders have important procedural consequences."[16]

Alliance's contrary and expansive reading of section 1292(a)(3) has no limiting principle. In that view, every preliminary ruling in an admiralty case could be appealed. After all, everything a district court decides *affects* the rights of someone in some respect. If that alone supported appellate jurisdiction, cases like *In re Complaint of Ingram Barge Co*. and *Wallin v. Keegan* (among many others) would have come out differently. Moreover, such a rule would flood the Court with premature appeals of

---

[15]   426 F.2d 1313, 1314 (5th Cir. 1970); *see also Nat'l Shipping Co. of Saudi Arabia v. Valero Mktg. & Supply Co.*, 963 F.3d 479, 482 (5th Cir. 2020) (finding no appellate jurisdiction to review a district court order that severed and transferred claims; the order "did not determine the rights and obligations of [the parties], but merely ruled on the forum for determining those rights and obligations"); *Complaint of Ingram Towing Co.*, 59 F.3d 513, 517 (5th Cir. 1995) (finding no appellate jurisdiction to review an order staying a state court suit; the order did not resolve substantive rights but instead just addressed *when* the claims could be brought).

[16]   *In re Complaint of Ingram Barge Co*., 517 F.3d at 247 (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)).

every preliminary procedural ruling, and appellate jurisdiction under section 1292(a)(3) would go from "narrow[]" to sweeping.[17] That is not the law.

### C. The district court's order did not determine the merits of any liability issues.

Alliance argues that the district court's ruling resolved liability issues. Indeed, Alliance asserts that the district court's ruling drastically expanded the scope of Alliance's liability.[18] It is mistaken.

Alliance fails to show that any liabilities have been determined on the merits. That more employees may bring claims within this case (as opposed to a separate case they might file) does not resolve Alliance's liability as to any of them. The most Alliance can say is that it now has "potential liability" within this single case to many employees, and that this potential liability may be decided (in the future) on a class-wide basis.[19] Yet inherent in this argument is the notion that the liability determination *has not yet occurred*. Without that determination, section 1292(a)(3) is not met.[20]

---

[17] *SCF Waxler Marine, L.L.C. v. ARIS T M/V*, 902 F.3d 461, 464 (5th Cir. 2018), *as revised* (Oct. 30, 2018); *Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel*, 640 F.2d 560, 564 (5th Cir. 1981).

[18] Opposition, p. 2.

[19] Opposition, p. 18.

[20] *SCF Waxler Marine, L.L.C.*, 902 F.3d at 465 ("[J]urisdiction under the statute is not appropriate where the party whose contention is rejected remains in the litigation and the issue of its liability on the claim asserted remains to be finally resolved") (internal quotation marks and citations omitted).

7

Alliance seeks to avoid the law of this Circuit by pointing to an out-of-circuit case, *Ehart v. Lahaina Divers, Inc.*; it suggests that a ruling may be appealed as long as it concerns a liability-adjacent issue. In *Ehart*, the Ninth Circuit exercised jurisdiction to review an order deciding the validity of a contractual provision that purportedly limited the defendant's liability.[21] But as the *Ehart* dissent pointed out, other circuits—including this Circuit—have come to the opposite conclusion.[22]

The dissent was right. This Court has already rejected the Ninth Circuit's expansive view of section 1292(a)(3) at least twice. In *Bucher-Guyer AG v. M/V Incotrans Spirit*, this Court found it lacked jurisdiction under section 1292(a)(3) to review an order capping damages under the Carriage of Goods by Sea Act. The Court ruled that the district court ruling was "not a decision determining the rights and liabilities of the parties" because, even if the Court agreed that the damage limitation applied, it "would still have to remand this case for a decision on whether the defendants were liable."[23] That is still the law of this Circuit. And it has remained so despite some litigants invoking the more expansive interpretation of section 1292(a)(3) applied by

---

[21] 92 F.4th 844, 849 (9th Cir. 2024) (explaining that the district court struck the defendant's affirmative defense as void under 46 U.S.C. § 30527(a)).

[22] *Ehart*, 92 F. 4th at 858 (Collins, J., dissenting) (explaining the Ninth Circuit's departure from other circuits). The dissent in *Ehart* also decried the Ninth Circuit's "overbroad construction of 28 U.S.C. § 1292(a)(3)." *Id.* at 853.

[23] *Bucher-Guyer*, 868 F.2d 734, 735 (5th Cir. 1989).

the Ninth Circuit. As the Court ruled in *SCF Waxler Marine, L.L.C.* in 2018, rejecting a litigant's invocation of out-of-circuit jurisprudence: "[W]e stand by *Bucher-Guyer*."[24] Here, as in *Bucher-Guyer*, appellate jurisdiction is lacking because there has yet to be any "decision on whether the defendant[] [is] liable."[25]

Alliance otherwise argues that its liability has been determined because the district court's collective-action ruling is essentially unreviewable and therefore res-judicata.[26] The district court's ruling is interlocutory, however. It therefore may be revised at any time under Federal Rule of Civil Procedure 54(b).[27] And even if the ruling could not be altered later in this case, that still would not change the nature of this ruling. Alliance cites this Court's ruling in *Republic of France*, but that case is not on point. It involved a substantive determination of liability on the merits. The district court held a trial on fault, and it rendered findings of fact that the shipowner was

---

[24] *SCF Waxler Marine, L.L.C.*, 902 F.3d at 466.

[25] *Bucher-Guyer*, 868 F.2d at 735.

[26] *E.g.*, opposition, pp. 2, 20–21.

[27] Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Alliance cites a district court decision that declined to consider a motion to "decertify" a collective action. Opposition, p. 24. But that case also observed that this Court has not forbidden any such motion: "The Fifth Circuit has not ruled on whether a defendant may bring a motion to decertify after the initial certification of an FLSA collective action under the *Swales* framework." *Hamm v. Acadia Healthcare Co.*, 748 F. Supp. 3d 404, 411 (E.D. La. 2024), *motion to certify appeal denied*, No. CV 20-1515, 2024 WL 5700210 (E.D. La. Nov. 18, 2024).

negligent.[28] It was a *merits* determination, on liability, that was said to have res judicata effect. Again, no merits determination of substantive liability has been made here. So, in other words, even if the district court's order could not be revised later in the case, that would not transform the ruling from procedural to a substantive determination of the merits.

### III.   CONCLUSION

Alliance has appealed a non-final, procedural decision—one that did not determine the parties' rights and liabilities. The Court lacks appellate jurisdiction over that order and should dismiss this appeal.

Respectfully submitted,

| | |
|---|---|
| Harry E. Morse (La. Bar 31515) | Thomas M. Flanagan (La. Bar 19569) |
| Martin S. Bohman (La. Bar 22005) | Anders F. Holmgren (La. Bar 34597) |
| BOHMAN MORSE, LLC | FLANAGAN PARTNERS LLP |
| 400 Poydras St., Suite 2050 | 201 St. Charles Ave., Ste. 3300 |
| New Orleans, LA 70130 | New Orleans, LA 70170 |
| Telephone: (504) 930-4009 | Telephone: (504) 569-0235 |
| Facsimile: (888) 217-2744 | Facsimile: (504) 592-0251 |
| Harry@BohmanMorse.com | tflanagan@flanaganpartners.com |
| Martin@BohmanMorse.com | aholmgren@flanaganpartners.com |

Cayce C. Peterson (La. Bar 32217)
Jeffrey P. Green (La. Bar 30531)
JJC LAW LLC
111 Veterans Memorial Blvd.
Heritage Plaza, Suite 810
Metairie, LA 70005

By: /s/ Thomas M. Flanagan
*Attorneys for Plaintiff-Appellee, Patrick Breaux*

---

[28]   *Republic of France v. United States*, 290 F.2d 395, 397–98 (5th Cir. 1961).

Telephone: (504) 513-8820
Facsimile: (504) 513-8824
cayce@jjclaw.com
jeff@jjclaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this filing was served on counsel of record this 11th day of December 2025, by e-filing same into the CM/ECF system, which will automatically deliver a copy of same to all counsel.

/s/ Thomas M. Flanagan

### CERTIFICATE OF COMPLIANCE

1. This filing complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 2,564 words, excluding the exempt parts.

2. This filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word with 14 point, Equity Text A font.

/s/ Thomas M. Flanagan